Hoch, Plaintiff in error, vs. The State, Defendant in error.

*April 5—April 30, 1929.*

The cause was submitted for the plaintiff in error on the brief of *Reilly & Cosgrove* of Fond du Lac, and for the defendant in error on that of *L. E. Gooding,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

OWEN, J.   On June 15, 1928, the sheriff of Fond du Lac county with a number of deputies drove to the village of Eldorado in said county and parked their car in front of the residence of the plaintiff in error (hereinafter called the defendant), on the opposite side of the street.   A dance was in progress at a hall about a half block from the defendant's residence.   The sheriff and his deputies observed numerous people going from the dance hall to the defendant's house and returning to the dance hall.   Finally two of the deputies followed others into the house, bought two drinks of liquor, paid twenty-five cents a drink therefor, and reported to the sheriff.   Pursuant to instructions of the sheriff they returned to the house shortly thereafter and bought two more drinks. The sheriff and the remaining deputies stood outside the

house and, through the window, saw the deputies buy the second drink. The sheriff and the other deputies then entered the house just as the person in charge was taking money from the deputies. The room in which these drinks were sold was the kitchen. Upon entering they revealed their identity to the man in charge. As the latter was about to replace the container from which the drinks sold the deputies were poured, the sheriff asked him what he was going to do with that. He handed it to the sheriff saying, "Here it is." The sheriff observed another container on a ledge of the cupboard and picked that up. At this time the defendant entered. They had some discussion. Hoch, the defendant, inquired whether the sheriff had a search warrant. The sheriff told him that he did not, but he had sufficient to make a case in the federal court. The sheriff asked if he had any more liquor on the premises. Hoch said "No," and the sheriff replied "All right, we are not asking you anything further." As the sheriff was about to leave the place Hoch called him back, took him out in the shed, and gave him a jug containing from a gallon to a gallon and a half of liquor. These containers were offered and received in evidence.

It is contended that a timely motion on the part of the defendant to suppress such evidence on the ground that it was procured through an unlawful search was made, and denied by the court, and that such ruling constitutes reversible error. The sheriff had abundant reason to believe that intoxicating liquor was being unlawfully sold in this room. His presence in the room was not that of a trespasser. He had observed that the public generally was repairing to that room. No objection was made to the entrance of his deputies and there was no hesitation in selling the deputies drinks. He was therefore present as one of the public. There was a violation of law in his presence. It was his duty to arrest the offender. If the premises had been an automobile, a

garage, a woodshed, or some place of business, he would have been justified in making the search, under repeated decisions of this court. The only distinction which the law makes between such places and a private dwelling is that "no search warrant shall issue to search any private dwelling, occupied as such, unless it is being used for the unlawful manufacture for sale, unlawful sale, or possession for sale, of liquor or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house." Sec. 363.02, Stats. This provision relates only to the issuance of a search warrant. It does not suspend the duty of the sheriff, lawfully present, to arrest offenders. or to prevent the commission of crime. But even though he were not lawfully present, his authority and duty, in view of the information then in his possession, to enter, make arrest, and prevent the further commission of crime is fully vindicated in *Hawkins v. Lutton,* 95 Wis. 492, 70 N. W. 483; *Edwards v. State,* 190 Wis. 229, 208 N. W. 876, and cases therein cited. It is clear that the liquor introduced in evidence was not procured as the result of an unlawful search, and that its reception did not constitute error.

It is further contended that the record contains no evidence to show that the liquor was privately manufactured distilled liquor. One of the deputy sheriffs testified that the liquor purchased by him was intoxicating liquor. But his testimony that it was moonshine whisky was somewhat equivocal. He testified that he knew the taste of "moon" if that is what they call "moon." This was hardly equivalent to saying that the liquor purchased by him was "moon" or "moonshine" whisky. He was asked the further question: "And do you know now whether what you drank was moonshine or intoxicating liquor or not?" He replied, "Well, it was intoxicating liquor." If it were necessary to sustain the conviction upon this testimony there would be some difficulty

in construing it as a sufficient basis for a finding that the liquor constituted privately manufactured distilled liquor.

However, there is other sufficient evidence to sustain such finding. One B. J. Kremer, retail druggist, tested the liquor produced in court, and testified that the liquor contained in Exhibits 1 and 2 was 90 and 92 proof, and that the percentage of alcohol was about 45 by volume. This was abundant proof that the liquor seized was intoxicating.

Sec. 165.30 provides that "The possession of liquor by any person without a permit, other than in his private dwelling used exclusively as such, shall be *prima facie* evidence of unlawful possession." Sec. 165.35 (4), Stats., provides that "the possession of any privately manufactured distilled liquors without such permit is hereby prohibited." The possession of intoxicating liquor which was abundantly shown in and of itself constituted *prima facie* evidence of unlawful possession. The only possession that is declared unlawful by the statutes is "the possession of any privately manufactured distilled liquors." This constituted but *prima facie* evidence, to be sure. But in the absence of any evidence to show that the liquor seized or the liquor sold was other than "privately manufactured distilled liquors," such *prima facie* evidence becomes conclusive and supports the finding that the liquor in question was privately manufactured distilled liquor. *Endish v. State,* 188 Wis. 259, 205 N. W. 822. That case may not support the ultimate conclusion here reached, but it is there held that said subdivision is but a rule of evidence, and the application of that rule leads inevitably to the conclusion we have reached.

It is contended that there is no evidence to support the conclusion necessary to sustain the conviction that the man in charge was the agent of the defendant Hoch. It must be conceded that the evidence contains some improper testimony to establish that relation. The sheriff was permitted to tes-

tify that Squeers, the man in charge, told him that he was Hoch's hired man. That testimony was clearly incompetent to establish agency. *Somers v. Germania Nat. Bank,* 152 Wis. 210, 138 N. W. 713, and cases there cited. However, all of the circumstances revealed by the evidence can leave no doubt upon that question and the admission of this improper testimony cannot be construed as prejudicial. For the same reason the failure of the court to instruct the jury upon this question does not constitute prejudicial error.

In denying the motion to suppress the evidence seized the court made use of the following language: "Well, he had evidently thrown his house open that night, at least to the public. I think, with the evidence as it is, the motion will have to be denied." It is contended that this remark of the court in the presence of the jury constituted prejudicial error. This contention is without substance. The evidence before the jury plainly demonstrated the truth of that assertion and the remark can afford no basis for the disturbance of the judgment.

*By the Court.*—Judgment affirmed.